```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

CHERYL LEHR,

      Plaintiff,

v.                                    Case No. 8:14-cv-2099-T-33MAP

SECURE CAPITAL MANAGEMENT, INC.,

      Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff Cheryl Lehr's Motion for Default Judgment (Doc. # 10), filed on October 24, 2014. For the reasons that follow, the Court grants the Motion.

**I.  Background**

On August 26, 2014, Lehr filed this action against Defendant Secure Capital Management, Inc. alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55, *et seq*. ("FCCPA"). (Doc. # 1). Secure Capital Management, Inc. failed to timely appear and respond in this action. As a result, Lehr applied for Clerk's entry of default against Secure Capital Management, Inc. on October 3, 2014. (Doc. # 6). On October 6, 2014, the

Clerk entered default against Secure Capital Management, Inc. (Doc. # 7).

Thereafter, on October 7, 2014, Lehr filed her first Motion for Default Judgment against Secure Capital Management, Inc. (Doc. # 8). This Court denied Lehr's Motion without prejudice and directed her to re-file the Motion with a memorandum of law setting forth the quantified amount of damages sought for each category of damages outlined in the Complaint along with supporting materials such as fee ledgers. (Doc. # 9). Accordingly, on October 24, 2014, Lehr filed the present Motion and Memorandum in Support of Default Judgment. (Doc. ## 10, 11).

## II. Legal Standard

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

## III. Discussion

### A. Liability

Lehr initiated this action alleging several violations of the FDCPA and FCCPA. (See Doc. # 1). The present analysis is limited to the alleged violation of the FDCPA and five alleged violations of the FCCPA – Fla. Stat. § 559.72(7).

#### 1. Fair Debt Collection Practices Act

In order to prevail on a FDCPA claim, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Fuller v. Becker & Poliakoff, P.A., 192 F.

Supp. 2d 1361, 1366 (M.D. Fla. 2002)(quoting Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)). The Court addresses each factor raised by Lehr in turn.

### a. Collection Activity Arising from a Consumer Debt

The initial determination - whether Lehr has been the object of a collection activity arising from a consumer debt - has two requirements. Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011). First, there must be collection activity. Id. Second, this activity must relate to a consumer debt. Id. Each requirement is discussed below, starting with collection activity.

The "FDCPA does not expressly define 'collection activity.'" LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193 n.15 (11th Cir. 2010). Nonetheless, "[w]hile the statute contains no clear definition of what constitutes a 'debt collection activity,' courts, in attempting to effect the purpose of the FDCPA, are lenient with its application." Sanz v. Fernandez, 633 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009) (citing Heintz v. Jenkins, 514 U.S. 291, 293–96 (1995)).

The Complaint alleges that Secure Capital Management, Inc. made numerous telephone calls to Lehr regarding the repayment of a debt. (Doc. # 1 at 2). This Court finds that

these telephonic communications, which were aimed at collecting a debt, constitute collection activity.

The Court next turns to whether the collection activity was aimed at collecting a consumer debt. Pursuant to 15 U.S.C. § 1692a(5), a debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that is] primarily for personal, family, or household purposes." Thus, the FDCPA is limited to "consumer debt," Heintz, 514 U.S. at 293, and does not cover business debts, Lingo v. City of Albany Department of Community & Economic Development, 195 F. App'x 891, 893 (11th Cir. 2006).

In her Complaint, Lehr asserted that the "subject debt is a 'consumer debt' within the meaning of the FDCPA." (Doc. # 1 at ¶ 74). Specifically, "[t]he subject debt was incurred primarily for personal, family, or household uses and was not used for business purposes." (Id. at ¶ 11). Upon consideration, the Court finds that the well-pled allegations in the Complaint demonstrate that Lehr's debt constituted a consumer debt. Accordingly, Lehr has established the first element of her FDCPA claim — there was collection activity of a consumer debt.

b. **Debt Collector**

A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." See 15 U.S.C. § 1692a(6). According to the Complaint, Secure Capital Management, Inc. is "a debt collector" who made numerous telephone calls to Lehr in order to collect a debt. (Doc. # 1 at ¶ 75). Taking the well-pled allegations in the Complaint as true, the Court concludes that Lehr has established that Secure Capital Management, Inc. was a debt collector, and thus, Lehr has satisfied the second element of her FDCPA claim.

### c. Acts Prohibited under the FDCPA

In her Motion, Lehr indicates that Secure Capital Management, Inc. violated 15 U.S.C. §§ 1692c (b), 1692e, 1692e (4), 1692e (8), 1692e (10), 1692e (11), and 1692g. The Court will address each allegation in turn.

#### i. 15 U.S.C. § 1692c(b)

15 U.S.C. § 1692c (b), states in pertinent part:

(b) Communication with third parties

> Except as provided in [15 U.S.C. § 1692(b)], without the prior consent of the consumer given directly to the debt collector, or the express

> permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c (b). According to the Complaint, Secure Capital Management, Inc. contacted third parties regarding the collection of Lehr's debt. (Doc. # 1 at 3). Namely, Lehr's employer was informed about the alleged debt, and the employer was threatened that Lehr would be served at her place of employment. (Id.); see 15 U.S.C. § 1692c (b). As such, the well-pled allegations in the Complaint establish that Secure Management Capital, Inc. violated 15 U.S.C. § 1692c (b).

### ii. **15 U.S.C. §§ 1692e, 1692e(4), 1692e(8), 1692e(10), and 1692e(11)**

According to 15 U.S.C. § 1692e,

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful

7

and the debt collector or creditor intends to take such action.

* * *

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

* * *

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

* * *

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. §§ 1692e, 1692e (4), 1692e (8), 1692e (10), and 1692e (11). Lehr's Complaint alleges that Secure Capital Management, Inc. began calling her at work around May of 2014. (Doc. # 1 at ¶ 6). According to Lehr, Secure Capital

Management Inc.'s agent, Mr. Brooks, "said he was calling about a delinquent debt, and he had people ready to serve [] Lehr unless she made a payment immediately." (Id. at ¶ 8). Lehr believed that a summons could result in her arrest. (Id. at ¶ 9). However, Lehr submits that "under information and belief, Mr. Brooks was not a process server licensed in Pinellas County, and there was no pending lawsuit again[st] [] Lehr as could have been served upon her." (Id. at ¶ 10). That being said, Lehr did state to Mr. Brooks that "she did not know what balance he was talking about, and ask[ed] him to verify the debt in writing. Mr. Brooks refused the request; he said that no verification would be provided until the debt had been paid in full." (Id. at ¶ 12). Lehr contends that Mr. Brooks continued to call providing misleading information about the alleged debt and even informed Lehr's employer of the alleged debt. (Id. at ¶¶ 17, 18). As a result, the well-pled allegations in the Complaint demonstrate that Secure Capital Management, Inc. violated 15 U.S.C. §§ 1692e, 1692e(4), 1692e (8), 1692e (10), and 1692e (11).

### iii. 15 U.S.C. § 1692g

According to 15 U.S.C. § 1692g

> (a)Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

> following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> (1)   The amount of the debt;
>
> (2)   The name of the creditor to whom the debt is owed;
>
> (3)   A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; . . . .

15 U.S.C. § 1692g. As stated above, Lehr communicated to Mr. Brooks that "she did not know what balance he was talking about, and ask[ed] him to verify the debt in writing. Mr. Brooks refused the request; he said that no verification would be provided until the debt had been paid in full." (Id. at ¶ 12). Furthermore, "to date, [] Lehr has not received written confirm[ation] of the alleged debt." (Id. at ¶ 13). Therefore, Lehr has satisfied 15 U.S.C. § 1692g.

Accordingly, as the well-pled allegations demonstrate the elements necessary to prove a FDCPA claim, the Court finds that Lehr has established that she is entitled to a default judgment against Secure Capital Management, Inc. on her FDCPA claim.

    **2.**    **Florida Consumer Collection Practices Act**

Lehr alleges five separate causes of action in the Complaint for violations of the FCCPA – Counts I through V. To state a claim under Fla. Stat. § 559.72, the plaintiff must establish that the defendant:

> (4) Communicate[s] or threaten[s] to communicate with a debtor's employer before obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection. However, this does not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained.
>
> (5) Disclose[s] to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.
>
> (7) Willfully communicate[s] with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage[d] in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.
>
> (8) Use[s] profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.
>
> (10) Use[s] a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not.

See Fla. Stat. § 559.72 (4), (5), (7), (8), and (10).

As mentioned above, the Complaint demonstrates that Secure Capital Management, Inc. engaged in harassment and abuse toward Lehr in its efforts to collect Lehr's consumer debt. According to Lehr, Secure Capital Management Inc.'s agent, Mr. Brooks, "said he was calling about a delinquent debt, and he had people ready to serve [] Lehr unless she made a payment immediately." (Id. at ¶ 8). Lehr believed that a summons could result in her arrest. (Id. at ¶ 9). However, Lehr submits that "under information and belief, Mr. Brooks was not a process server licensed in Pinellas County, and there was no pending lawsuit again[st] [] Lehr as could have been served upon her." (Id. at ¶ 10). That being said, Lehr did state to Mr. Brooks that "she did not know what balance he was talking about, and ask[ed] him to verify the debt in writing. Mr. Brooks refused the request; he said that no verification would be provided until the debt had been paid in full." (Id. at ¶ 12). Lehr contends that Mr. Brooks continued to call providing misleading information about the alleged debt and even informed Lehr's employer of the alleged debt. (Id. at ¶¶ 17, 18). In addition, Secure Capital Management continued to contact Lehr at her place of employment and on her cell phone regarding the debt. (Id. at

12

¶ 15). Moreover, the Complaint exhibits that Secure Capital Management, Inc. contacted third parties regarding Lehr's debt – specifically, Lehr's employer – and even threatened to have Lehr served at her job site. (Id. at ¶ 18). Therefore, Lehr has demonstrated that Secure Capital Management, Inc. engaged in a practice that "could reasonably be expected to abuse or harass" Lehr in violation of Fla. Stat. § 559.72.

Based upon the Clerk's entry of default, the well-pled factual allegations in the Complaint, and the Motion itself, the Court determines that Lehr's allegations support a finding that Secure Capital Management, Inc. violated 15 U.S.C. §§ 1692c(b), 1692e, 1692e(4), 1692e(8), 1692e(10), 1692e(11), and 1692g as well as Fla. Stat. § 559.72 (4), (5), (7), (8) and (10). As such, Lehr's Motion is due to be granted and a hearing on this matter is not needed.

   **B. Damages**

   Pursuant to 15 U.S.C. 1692k,

   (a) Amount of damages

   Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –

      (1) any actual damage sustained by such person as a result of such failure;

>   (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 . . .
>
>   * * *
>
>   (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. . . .
>
> (b) Factors considered by court
>
> In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors –
>
>   (1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. . . .

15 U.S.C. § 1692k. Furthermore, Fla. Stat. § 559.77(2) states in pertinent part:

> (2) Any person who fails to comply with any provision of [Fla. Stat. § 559.72] is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with [Fla. Stat. § 559.72], the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional. . . .

Fla. Stat. § 559.77(2). Lehr requests statutory damages under both the FDCPA and FCCPA. (Doc. # 11 at 3). Lehr has alleged, and Secure Capital Management, Inc. is deemed to have admitted, that Secure Capital Management, Inc.'s "harassment and abuse of [] Lehr is exactly the kind of debt collection the FCCPA and FDCPA were enacted to prevent. Therefore, [] Lehr is entitled to the maximum amount of statutory damages allowed under the FDCPA and the FFCPA." (Id.). Therefore, pursuant to 15 U.S.C. 1692k, Lehr is entitled to statutory damages in the amount of $1,000.00 for Secure Capital Management, Inc.'s violations of the FDCPA – Count VI. Additionally, pursuant to Fla. Stat. § 559.77(2), Lehr is entitled to $5,000.00 in statutory damages for Secure Capital Management, Inc.'s violation of the FCCPA – Counts I through V – for a total amount of $6,000.00 statutory damages.

### C. Attorneys' Fees

Lehr further requests an award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2). (Doc. # 11). Lehr's counsel contends that to date, he has incurred attorneys' fees in the amount of $4,500.00, which "represents a reasonable attorneys' fee in light of the experience of counsel, the nature of the case, and the services provided." (Doc. ## 11-1, 11-2).

Furthermore, Lehr's counsel requests an award of costs in the amount of $616.64. (Id.). Upon review of Lehr's Motion and the accompanying Fee Declaration by Lehr's counsel (Doc. # 11-1, 11-2), the Court determines that the attorneys' fees requested are reasonable.

This Court is afforded broad discretion in addressing attorneys' fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.")(internal citation omitted). The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly rate. Webb v. Bd. of Educ. of Dyer Cnty., 471 U.S. 234, 242 (1985). Thus, the fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Further, the fee applicant must support the number of hours worked. Id. If an attorney fails to carry his or her burden, the Court "is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

This case was neither complex nor labor-intensive. This case did not proceed to trial, and in fact, Lehr's counsel was not required to participate in any hearings, draft any dispositive motions, or participate in any significant amount of discovery. Furthermore, this case did not present novel or difficult questions for the Court or counsel. However, Lehr's counsel appropriately provided a fee affidavit, reasonableness of fees affidavit, and costs affidavit for this Court's review. (Doc. ## 11-1, 11-2, 11-3). These documents justify the fee requested.

Upon due consideration, and for the reasons specified above, the Court finds the fees and costs requested in this case to be reasonable.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Cheryl Lehr's Motion for Default Judgment (Doc. # 10) is **GRANTED** as provided herein.

(2) The Clerk is directed to enter judgment in favor of Plaintiff Cheryl Lehr and against Defendant Secure Capital Management, Inc. in the amount of **$11,116.64**, which includes $6,000.00 for statutory damages, $4,500.00 for attorneys' fees, and $616.64 for costs.

(3) Upon entry of judgment, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of November, 2014.

/s/ Virginia M. Hernandez Covington<br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies to: All counsel and parties of record