IN THE UNITED STATES COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHERYL LEHR,**               Case No. 8:14-cv-02099-VMC-MAP

    **Plaintiff,**

v.

**SECURE CAPITAL MANAGEMENT, INC.,**

    **Defendant(s).**
_____/

### PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

COMES NOW, Plaintiff CHERYL LEHR, by and through the undersigned counsel, and respectfully requests the Court To Alter or Amend its Judgment dated November 7,2014 pursuant to F.R.C.P 59(e) so as to 1) reduce the award of Statutory Damages, and 2) to enter an award of actual and punitive damages, and in support thereof states as follows:

### Statutory Damages

1. As an officer of the Court, Plaintiff is obligated to request the Court to reduce the amount of statutory damages awarded from $6,000 total as determined by the Court's Default Judgment to $2,000 total.

2. Plaintiff requested and was grateful granted an award of statutory damages based upon one (1) count under the Fair Debt Collection Practices Act ("FDCPA") and five (5) counts under the Florida Consumer Collection Practices Act ("FCCPA") at $1,000 per count, totaling $6,000. Prior case law supports an award "per adjudication" under the FCCPA. *See Beeders v. Gulf Coast Collection Bureau*, 632 F. Supp. 2d 1125, 1130, (M.D. Fla. 2009).

3. Subsequent to filing its motion, but prior to the opportunity to amend, Plaintiff's counsel learned that the FCCPA was amended effect October, 2010, to remove the language "Upon adverse adjudication…" to limit statutory damages to $1,000 per case. Section 559.77(2) of Fla. Stat. as amended reads as follows:

> (2)  Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, <u>but not exceeding $1,000</u>, together with court costs and reasonable attorney's fees incurred by the plaintiff.

4. As such, this Court should reduce the award for statutory damages to $1,000 per statute for the FDCPA and FCCPA respectively, for a total of $2,000 in statutory damages.

## Actual and Punitive Damages

5. In the Judgment entered by Court, the Court awarded statutory damages and attorney's fees; however actual damages and punitive damages were not addressed in the judgment.

6. The Defendant made a choice not to participate in this action, either by design or by neglect. In so doing, the Defendant spared itself a humiliating and expensive legal process.

7. However, Defendant's default does nothing to spare the harm that it inflicted upon the Plaintiff - the humiliation of receiving collection calls at her workplace, the creditor threats to her and her employer, the invasion to her privacy, the harassment, and the fear of arrest.

8. A judgment may be amended order altered pursuant to Fed. R. Civ. P. 59(e).

9. A district court entering default judgment for damages must determine amount and character of damages to be awarded. <u>Bentley Motors Ltd. Corp. v. McEntegart</u>, 976 F.Supp.2d 1297, 1321 (M.D. Fla. Sept. 30, 2013) (citing Fed. R. Civ. P. 55).

10. Plaintiff may establish the necessary amount of damages for entry of a default judgment by affidavit, or a federal district court may conduct hearings to determine the amount of damages, including non-liquidated damages. Benton v. Rousseau, 940 F.Supp.2d 1370, 1381 (M.D. Fla. March 19, 2013).

11. A defendant's decision to ignore a lawsuit against him prejudices not only himself but also his opponent by depriving the adverse party of the ability to obtain important evidence. U.S. v. Bahr, 856 F.Supp.2d 1225, 1230 (M.D. Ala. April 19, 2012).

12. Under both the FDCPA and the FCCPA, a debt collector that fails to comply with the applicable provisions may be held liable for actual damages. 15 U.S.C. 1692k(a); Fla. Stat. §559.77(2).

13. Actual damages include damages for emotional distress. Minnifield v. Johnson & Freedman, LLC., 448 Fed App'x 914, 916 (11th Cir. 2011). Titus v. Commercial Recovery Systems, Inc., 2014 WL 55016, at *2 (M.D. Fla. Jan. 7, 2014).

14. In award emotion damages, courts look for a combination of genuine fear, humiliation, and anxiety. Crespo v. Brachfeld Law Group, 2011 WL 4527804, at *5 (S.D. Fla. Sept. 28,2011).

15. The Defendant contacted the Plaintiff at her workplace, discussed the debt with her employer thereby putting her in fear of losing employment, falsely threatened Plaintiff with a nonexistent summons, implied that he have her arrested making her fear for her freedom, and humiliated Plaintiff at her workplace.

16. These actions by the Defendant have made the Plaintiff feel humiliated, in genuine fear, and anxiety.

17. The FCCPA explicitly allows the court to award punitive damages. Fla. Stat. 559.77(2).

18. To obtain punitive damages for violation of the FCCPA, the Plaintiff must show the Defendant acted with malicious intent. *Montgomery v. Fla. First financial Group, Inc.*, 2008 WL 3540375. At *8 (M.D. Fla. August 12, 2008).

19. The Plaintiff's complaint alleged that the Defendant frequently used willfully abusive language and voice inflections which could be reasonably expected to abuse or harass her, evidencing malicious intent by the Defendant.

20. These allegations are deemed admitted by virtue of the Defendant's default. As such, malicious intent through abusive language has been admitted by the Defendant.

21. In cases where the harassing conduct is less egregious than what Plaintiff has suffered, Courts have awarded $75,000 in actual damages and up to $500,000 in punitive damages.

22. Plaintiff submits that an award that is equal to or greater than these amounts is merited in this case.

23. The level of egregious conduct in the Defendant's harassment and its severe impact on the Plaintiff justifies an award of actual and punitive damages.

**WHEREFORE**, the Plaintiff would respectfully request that the Court reduce the amount of statutory damages from $6,000 to $2,000, requests actual damages in amount of $75,000 or greater, and punitive damages in the amount of $500,000 or greater.

Dated:     November 21, 2014          Respectfully Submitted,

By:     */s/ Michael A. Ziegler*

Michael A. Ziegler, Esq.
FBN:  74864
Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
mike@zieglerlawoffice.com